Submitted November 15, 2021; dispositional portion of jurisdictional judgment reversed and remanded, otherwise affirmed January 5, 2022

In the Matter of A. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. R. M.,
*Appellant.*

Multnomah County Circuit Court
20JU06589;
Petition Number 114228;
A176063

501 P3d 558

Xiomara Y. Torres, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Dispositional portion of jurisdictional judgment reversed and remanded; otherwise affirmed.

**PER CURIAM**

In this juvenile dependency case, mother appeals the juvenile court's jurisdictional judgment. In mother's first three assignments of error, she argues that the juvenile court erred in ruling that A was within its jurisdiction. We reject those assignments of error without written discussion. In her fourth assignment of error, mother challenges the juvenile court's dispositional orders because she was not given notice and an opportunity to be heard and otherwise participate, which she argues is required by ORS 419B.875(2) (setting out the rights afforded to parties to jurisdictional proceedings) and her right to a fundamentally fair proceeding, *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 189-90, 796 P2d 1193 (1990) (the "essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner"). Relatedly, mother's remaining assignments claim error as to each of the dispositional orders in the jurisdictional judgment. The Department of Human Services concedes that mother was deprived of notice and an opportunity to be heard as to disposition. We agree, accept the concession, reverse the dispositional part of the judgment, and remand for disposition after mother is provided notice and opportunity to be heard. We need not resolve mother's assignments of error concerning the individual dispositional orders.

Dispositional portion of jurisdictional judgment reversed and remanded; otherwise affirmed.